FILED
CLERK
10:34 am, Dec 10, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MKTG, INC., *et al.*,

                      Plaintiffs,

       -against-                          **18-CV-953 (SJF)(GRB)**

OCEANSIDE TEN HOLDINGS.COM, LLC, *et al.*,        **OPINION and ORDER**

                      Defendants.
------------------------------------------------------------------X
FEUERSTEIN, District Judge:

      Pending before the Court are: (a) defendants' (i) objections to an electronic order of the Honorable Gary R. Brown, United States Magistrate Judge, entered November 15, 2019, denying their motion to compel discovery as "simply untimely and improperly filed;" and (ii) request for "an order compelling Plaintiffs to fully comply with [their] written discovery requests and provide dates for the depositions" of four (4) of plaintiff's witnesses, and (b) plaintiffs' application "to (i) extend the date for discovery demands; (ii) compel both parties to properly respond to discovery demands; (iii) schedule an outside date for depositions; . . . and (iv) extend the date to make dispositive motions presently scheduled for December 18, 2019." For the reasons set forth herein, defendants' objections are overruled and their request for discovery is denied; and plaintiffs' application is denied in its entirety.

I.      Procedural History

      On or about February 13, 2018, plaintiffs MKTG, Inc. ("MKTG") and Sample Solutions, LLC ("SSL") (collectively, and together with Steven H. Gittelman ['Gittelman'], "plaintiffs"), commenced this action against defendants Oceanside Ten Holdings.com, LLC ("OTH"), MarketOnce.com, LLC ("MarketOnce"), ROICode.com, LLC ("ROICode") and David McGrath

1

("McGrath") (collectively, and together with Ronald Nicoletti, Jr. ['Nicoletti'], "defendants"), pursuant to this Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a), seeking, *inter alia*, damages for defendants' alleged breach of contract; tortious interference with contractual and business relations, and with prospective business advantage; unjust enrichment and civil conspiracy. Issue was joined by the service of an answer on behalf of defendants on June 25, 2018, in which they asserted counterclaims against plaintiffs for, *inter alia*, breach of contract and of the implied covenant of good faith and fair dealing.[1]

On May 21, 2018, a separate action commenced by OTH and MarketOnce against MKTG, SSL and Gittelman in the United States District Court for the District of Colorado (the "Colorado Action"), *Oceanside Ten Holdings.com, LLC, et al., v. MKTG, Inc., et al.*, seeking damages for fraudulent inducement, tortious interference with contractual and prospective business relations, unjust enrichment and promissory estoppel, was transferred to this Court and assigned to the Honorable Arthur D. Spatt, United States District Judge under docket number 18-cv-2984. By electronic order dated June 29, 2018, this Court granted the parties' joint application to consolidate the Colorado Action with this action.

On June 26, 2018, a separate action commenced by Nicoletti against, *inter alia*, MKTG[2] in the United States District Court for the Eastern District of North Carolina (the "NC Action"), seeking a declaratory judgment relating to the interpretation and enforcement of a certain employment agreement between Nicoletti and MKTG and damages for breach of contract and tortious interference with prospective economic advantage, was transferred to this Court and

---

[1] A third counterclaim for replevin was voluntarily dismissed by OTH and MarketOnce by notice dated July 16, 2018.

[2] By order dated May 16, 2018, the Eastern District of North Carolina granted Nicoletti's motion to dismiss all claims against Gittelman, individually, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

assigned to Judge Spatt under docket number 18-cv-3695. By electronic order entered in the action under docket number 18-cv-3695 on August 2, 2018, this Court granted the parties' joint application to consolidate the NC Action with the consolidated action.

During an initial pretrial conference before the undersigned on July 18, 2018, *inter alia*, this Court referred outstanding discovery to Magistrate Judge Brown and set May 17, 2019 as the deadline for the completion of all discovery in the consolidated action[3]. Thus, the parties were initially afforded more than nine (9) months from the initial pretrial conference before the undersigned, and the consolidation of all three (3) actions, to complete discovery in this matter.

On August 23, 2018, in accordance with Magistrate Judge Brown's order dated July 24, 2018, the parties submitted a proposed scheduling order memorializing the May 17, 2019 discovery deadline and setting, *inter alia*, (i) September 14, 2018 as the deadline for completion of initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure and the "[c]ompletion date for Phase I discovery;" and (ii) April 17, 2019 as the last day to serve written discovery. (Docket Entry ["DE"] 33). Magistrate Judge Brown approved the scheduling order by electronic order dated August 28, 2018.

On November 20, 2018, *i.e.*, approximately four (4) months after the initial pretrial conference and more than two (2) months after the deadline for completion of initial disclosures and "Phase I discovery," defendants filed a motion to compel disclosure pursuant to Rule 37 of the Federal Rules of Civil Procedure, which was automatically referred to Magistrate Judge Browns pursuant to the undersigned's individual rules. Specifically, defendants sought to compel plaintiffs: (a) to respond to defendants' four (4) interrogatories and seven (7) requests for

---

[3] Pursuant to Rule 5(C) of the undersigned's individual rules ("Rule 5(C)"), *inter alia*, a civil case that does not appear likely to settle absent discovery will be referred to the assigned Magistrate Judge for discovery and all pretrial purposes, and a date by which all discovery must be completed will be set. In addition, the rule emphasizes, *inter alia*, that the discovery completion date will not be extended "absent extraordinary circumstances."

3

production ("RFPs") "by a date certain, preferably by early December," (DE 35 at 2); (b) to provide dates for depositions "about a month after [they] make their document productions," (*id.*); and (c) to "update" their initial disclosures. (*Id.* at 3). Defendants contended, *inter alia*, (i) that they first served the interrogatories and RFPs upon plaintiffs on October 12, 2018, *i.e.*, approximately three (3) months after the initial pretrial conference before the undersigned; (ii) that plaintiffs did not timely respond thereto within thirty (30) days and subsequently requested until mid-December, *i.e.*, on or before December 14, 2018, to do so; and (iii) that plaintiffs' initial disclosures were served approximately one (1) week after the deadline set in the scheduling order, *i.e.*, on or about September 21, 2018, and their damages disclosure was "grossly deficient."[4] There is no indication in defendants' letter motion that plaintiffs ever failed or refused to provide dates for, or to otherwise cooperate in scheduling, depositions.

By electronic order, entered November 27, 2018, Magistrate Judge Brown denied defendants' motion to compel with leave to renew on the basis that it was "apparent from the face of the motion that the parties ha[d] not made a good faith effort to resolve th[e] dispute prior to filing the motion[,]" and Magistrate Judge Brown's "individual rules require the parties to attempt to resolve this issue by telephone or in person discussion." Defendants did not timely object to, or move to reconsider, Magistrate Judge Brown's November 27, 2018 order; nor did

---

[4] By email dated November 15, 2018, *i.e.*, approximately two (2) months after plaintiffs served their initial disclosures, defendants first objected to their damages disclosure and requested that they "amend and supplement [their] disclosures immediately." (DE 35, Ex. E). Defendants did not bring that discovery dispute to Magistrate Judge Brown's attention until approximately five (5) days thereafter. Pursuant to Rule 5(D) of the undersigned's individual rules ("Rule 5(D)"), with exceptions not relevant here, "all discovery . . . disputes are automatically referred to the assigned Magistrate Judge. Unless the assigned Magistrate Judge's rules provide for a shorter period, or otherwise ordered by the Court, a party *must* bring to the Court's attention the failure of any other party to comply with a discovery request or deadline <u>within ten (10) days of the failure to comply</u>, or that party will be deemed to have waived such discovery" (the "Ten Day Rule") (emphasis added).

they renew their motion compel within a reasonable time.[5] Therefore, defendants "may not assign as error a defect" in Magistrate Judge Brown's November 27, 2018 order. Fed. R. Civ. P. 72(a).

On November 29, 2018, defendants filed an amended answer, asserting three (3) counterclaims against plaintiffs seeking damages for breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiffs filed an answer to the counterclaims on December 3, 2018.

Nothing was filed in this action until approximately four (4) months later, *i.e.*, on April 2, 2019, when defendants filed a joint motion to vacate a status conference scheduled to be held before Magistrate Judge Brown on April 9, 2019 on the basis, *inter alia*, that the parties had not completed discovery in this matter, and would "be filing a joint motion requesting an extension of the final discovery deadline and final pretrial conference shortly," because "[t]he issues in this case are complex, as they involve parties in several jurisdictions and claims and counterclaims that began in three different lawsuits, which have now all been consolidated in this Court[,] [and] [t]he parties have been engaged in active settlement discussions and are still hoping to resolve the matters between them." (DE 38). Thus, the parties sought, *inter alia*, "to vacate the status conference . . . and to have it rescheduled once the new discovery deadline [was] established."[6]

---

[5] Defendants' contention that after the denial, they "did not know how to proceed given that they had conferred with Plaintiffs several times before filing the motion, and included that information in their motion," (Def. Obj. at 2), is disingenuous since Magistrate Judge Brown specifically referred to his individual rule requiring "the parties to attempt to resolve th[e] issue by telephone or in person discussion," but the bulk of the communications referred to in defendants' motion was via email. (*See* DE 35). Indeed, there is only one (1) reference to a telephone conversation between the parties, during which defendants demanded "a specific commitment by the next day, Friday November 16th, as to when the discovery responses would come, or else they would have to file a motion to compel." (*Id.*) That hardly qualifies as a good faith effort to resolve the dispute. Moreover, at the very least, defendants clearly had a basis to renew the motion when plaintiffs failed to produce the discovery by December 14, 2018, *i.e.*, the firm date to which they ultimately committed in one of their email communications with defendants. (*Id.*). Defendants did not renew their motion to compel until approximately nine (9) months thereafter.

[6] It strains credulity to believe that defendants would seek an extension of the discovery deadline because they "feared what would happen if they filed another motion to compel, only to have it denied, then the discovery

5

(*Id.*). There was no indication therein of any outstanding discovery disputes between the parties. By electronic order dated April 3, 2019, Magistrate Judge Brown granted the parties' application and adjourned the status conference before him "without date."

On April 9, 2019, *i.e.*, approximately five (5) weeks before the initial discovery deadline, the parties first moved for entry of a confidentiality order in this action, which Magistrate Judge Brown granted by electronic order entered April 10, 2019. On that same date, defendants filed a joint motion, *inter alia*, to extend the discovery deadline for approximately six (6) months, *i.e.*, to November 15, 2019, on the same basis they sought to vacate the status conference before Magistrate Judge Brown, *i.e.*, that discovery had not been completed because "[t]he issues in this case are complex, as they involve parties in several jurisdictions and claims and counterclaims that began in three different lawsuits, which have now all been consolidated in this Court[;] [and] [t]he parties have been engaged in active settlement negotiations and are still hoping to resolve the matters between them." (DE 40). In addition, the parties indicated that "[d]efendants served written discovery requests in October 2018, but they have not yet been responded to[;]" and that "[p]laintiffs have not yet served written discovery requests."[7] (*Id.*). Notwithstanding Rule 5(C) of the undersigned's individual rules, by electronic order entered April 11, 2019, *inter alia*, the Court granted the application and extended the discovery deadline to November 15, 2019, but

---

deadline would lapse," (Def. Obj. at 2), while at the same time seeking to vacate a status conference scheduled for April 9, 2019 at which they could have easily raised any outstanding discovery disputes and addressed how to proceed with respect thereto with Magistrate Judge Brown. There was still ample time thereafter, and before the May 17, 2019 discovery deadline, for defendants to seek an extension of time to complete discovery if necessary. Furthermore, defendants do not provide any reasonable explanation for their failure to seek such outstanding discovery in the approximately four (4) months since their first motion to compel was denied.

[7] Other than this cursory statement, defendants did not indicate that there were any outstanding discovery disputes in this case. In any event, Rule 5(D) of the undersigned's individual rules provides, in relevant part, that with exceptions not relevant here, "all discovery scheduling and disputes are automatically referred to the assigned Magistrate Judge." As set forth above, the parties did not bring any outstanding discovery dispute to Magistrate Judge Brown's attention at that time.

emphasized that "[n]o further extensions will be granted." Thus, the parties were afforded approximately fifteen (15) months since the initial pretrial conference before the undersigned, and the consolidation of all three (3) actions, to complete discovery in this action.

Approximately five (5) months later, *i.e.*, on September 10, 2019, defendants first renewed their motion to compel discovery, *i.e.*, responses to their written discovery requests, dated October 12, 2018; dates for depositions within thirty (30) days thereafter; and "update[d]" damages disclosure, which Magistrate Judge Brown had denied more than nine (9) months earlier. (DE 41). Defendants provide no reasonable explanation for their delay in renewing their motion to compel or otherwise seeking such outstanding discovery.

On September 17, 2019, plaintiffs responded to defendants' renewed motion to compel by indicating, *inter alia*, that the application was moot because they had served their responses to defendants' discovery requests and the amended damages disclosure that same date. (DE 42). Accordingly, by electronic order entered September 18, 2019, Magistrate Judge Brown denied defendants' renewed motion to compel as moot. Defendants did not timely object to, or move to reconsider, Magistrate Brown's September 18, 2019 order; nor did they timely dispute the sufficiency of plaintiffs' discovery responses pursuant to the undersigned's individual rules. Thus, defendants "may not assign as error a defect" in Magistrate Judge Brown's September 18, 2019 order, Fed. R. Civ. P. 72(a), and waived further discovery with respect thereto pursuant to Rule 5(D) of the undersigned's individual rules.

Approximately seven (7) weeks later, *i.e.*, on November 5, 2019, and only ten (10) days before the final deadline for the completion of discovery, defendants filed another motion to compel discovery contending, *inter alia*, that plaintiffs' discovery responses were "woefully insufficient" and that plaintiffs "still have not provided dates for depositions." (DE at 2).

7

Moreover, according to defendants, on October 17, 2019, *i.e.*, less than one (1) month before the final discovery deadline, they requested to schedule the depositions of four (4) of plaintiffs' witnesses during the week of November 11, 2019, but plaintiffs' counsel was unavailable during that week and unwilling to schedule the depositions before December 2019, *i.e.*, after the final discovery deadline. Defendants further indicated that plaintiffs have not sought to depose any of defendants' witnesses to date. Defendants sought, *inter alia*, to compel plaintiffs to provide "complete responses to [their] discovery requests by a date certain," (DE at 4), and "an adequate response concerning its alleged damages," (*id.* at 6); and to compel the depositions of four (4) of plaintiffs' witnesses. Defendants did not provide any reasonable explanation for their delay, particularly in challenging the sufficiency of plaintiffs' discovery response.

Plaintiffs filed a response to the motion on November 11, 2019[8]. By electronic order entered November 15, 2019, Magistrate Judge Brown denied defendants' motion as "untimely and improperly filed," since it was "initiated two weeks before" the final discovery deadline set by this Court.

Pending before the Court are: (i) defendants' objections to Magistrate Judge Brown's November 15, 2019 order and request for "an order compelling Plaintiffs to fully comply with [their] written discovery requests and provide date for the depositions" of four (4) of plaintiffs' witnesses; and (ii) plaintiffs' application, in effect, to extend the final discovery deadline and the deadline for making dispositive motions in this case.

---

[8] Rule III(B) of Magistrate Judge Brown's individual rules, *inter alia*, affords litigants five (5) business days of receipt of a discovery or other non-dispositive letter motion to serve and file a response to the motion. Since November 11, 2019 is a legal holiday, *see* Fed. R. Civ. P. 6(a)(6), plaintiffs had until November 13, 2019 to serve and file a response to defendants' third motion to compel.

II. Discussion

    A.     Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge "may designate a magistrate judge to hear and determine any [nondispositive] pretrial matter," not otherwise expressly excluded therein. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("The district court may designate a magistrate judge to hear and decide a pretrial matter that is 'not dispositive of a party's claim or defense.'" (quoting Fed. R. Civ. P 72(a))); *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("As a matter of case management, a district judge may refer nondispositive motions[] . . . to a magistrate judge for decision without the parties' consent.") "Matters concerning discovery generally are considered 'nondispositive' of the litigation." *Arista Records*, 604 F.3d at 116 (quoting *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)).

Any party may serve and file objections to a magistrate judge's order on a nondispositive pretrial matter within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(a). Upon consideration of any timely objections, and reconsideration of the magistrate judge's order, *see* 28 U.S.C. § 636(b)(1)(A), the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "An order is 'clearly erroneous' only if a reviewing court, considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed; an order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013), *aff'd*, 868 F.3d 104 (2d Cir. 2017) (quotations and citations omitted); *accord NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018). "This

standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused his discretion." *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015) (quotations and citations omitted); *see also Grief v. Nassau County*, 246 F. Supp. 3d 560, 564 (E.D.N.Y. 2017) ("Under Rule 72, the heavy burden of proof lies with the moving party, and the highly deferential standard only permits reversal where the magistrate judge abused her discretion." (quotations, alterations and citation omitted)).

      B.     Defendants' Objections

Defendants object to Magistrate Judge Brown's summary denials of all three (3) of their motions to compel and contend that as a result of the November 15, 2019 order, they "will not receive any depositions or new documents, despite having served their discovery requests over a year ago, and despite having moved to compel one week after the discovery was originally due." (Def. Obj. at 1; *see also Id.* at 3 ["The result of Judge Brown's most recent order is that Defendants will be precluded from receiving a single new document or taking a single deposition of Plaintiffs' witnesses prior to trial. . . "]). Defendants also contend that the November 15, 2019 order "prejudices [their] ability to obtain discovery in this case, while effectively excusing Plaintiffs' dilatory tactics to avoid complying with their discovery obligations[,]" (*id.* at 4); and that "[t]his unjust result cannot stand." (*Id.* at 1). Specifically, defendants contend, *inter alia*, that Magistrate Judge Brown's purported conclusion that they "failed to comply" with Rule 5(C) of the undersigned's individual rules "was both clearly erroneous and contrary to law" because: (i) they "complied with [Rule 5(C)] when they filed their first motion to compel," *i.e.*, they filed

their first motion to compel within the ten (10)-day period purportedly prescribed by that rule[9], and "the rules do not specify what Defendants were to do after their motion was denied[,]" (*id.* at 3); (ii) they complied with Rule 5(C) "when they filed their third motion to compel," as that motion was filed only five (5) days after they first learned that plaintiffs "possessed additional documents they had not produced . . . [and] confirmed [that] they would not permit Defendants to schedule any depositions prior to the close of discovery[,]" (*id.*); (iii) they "sought deposition dates from Plaintiffs for over a year and raised this issue in all three of their motions to compel," and since "[t]here is not a date certain by which Plaintiffs are considered to have 'not complied [sic] with a discovery request or deadline' with regard to setting deposition dates[,] . . . Section (V)(5) [sic] could not apply to that issue[,]" (*id.* [misquoting Rule 5(D)]); and (iv) that "despite Defendants' filing three separate, timely motions to compel *regarding the same failures to respond*, . . . Judge Brown never considered *any* of Defendants' arguments on the merits." (*Id.* [emphasis in original]).

Upon consideration of defendants' objections to Magistrate Judge Brown's November 15, 2019 Order and plaintiffs' responses thereto, and reconsideration of Magistrate Judge Brown's Order, and the motions and record before him, the Court is not left "with the definite and firm conviction that a mistake has been committed," *Centro De La Comunidad Hispana*, 954 F. Supp. 2d at 139; nor does the Court find that Magistrate Judge Brown failed to apply or misapplied any relevant statute, case law or rule of procedure, or otherwise abused his discretion.

Initially, Magistrate Judge Brown did not conclude, as asserted by defendants, that defendants "failed to comply" with Rule 5(C); nor does Rule 5(C) prescribe the rule which

---

[9] Defendants seemingly confuse Rule 5(D), which prescribes the Ten Day Rule, and Rule 5(C), which provides that the discovery deadline will not be extended "absent extraordinary circumstances," and only upon application to the undersigned.

defendants attribute to it, *i.e.*, that all discovery disputes be brought to the assigned magistrate judge's attention within ten (10) days of the failure to comply or will be deemed waived. The Ten Day Rule is prescribed by Rule 5(D) of the undersigned's individual rules. The November 15, 2019 Order to which defendants object, states *in toto*: "ELECTRONIC ORDER denying [] Motion to Compel. Whereas the District Judge has extended the discovery deadline to November 15, 2019, and stated that 'No further extensions will be granted,' defendant's application initiated two weeks before that date is simply untimely and improperly filed, and is therefore denied. See District Judge's Individual Rule (V)(C) [sic]."

Rule 5(C) provides, in relevant part, that "None of th[e] dates [set by the undersigned for, *inter alia*, completion of discovery] will be extended absent extraordinary circumstances. . . . Any application for an extension of time of those dates must promptly be made by letter motion to Judge Feuerstein as set forth in Rules 1(E) and 4(D) [of the undersigned's individual rules]." (emphasis omitted). Since Magistrate Judge Brown was without authority to extend the undersigned's final discovery deadline, and defendants did not seek a further extension of the final discovery deadline by application to the undersigned pursuant to Rule 5(C), Magistrate Judge Brown properly denied defendants' third motion to compel, filed only ten (10) days prior to the final discovery deadline, as untimely and improperly filed because there was insufficient time before the deadline to obtain the discovery sought, particularly since Magistrate Judge Brown's individual rules afford the non-moving party five (5) business days from receipt of the motion, *i.e.*, until November 13, 2019, to respond thereto. Thus, defendants have not satisfied their heavy burden of demonstrating that Magistrate Judge Brown's November 15, 2019 Order is clearly erroneous or contrary to law and their objections are overruled.

To the extent defendants challenge Magistrate Brown's November 27, 2018 order denying their first motion to compel, their failure to timely object to that order precludes further judicial review thereof. *See generally* Fed. R. Civ. P. 72(a); *Caidor v. Onondaga County*, 517 F.3d 601, 604-05 (2d Cir. 2008). In any event, defendants may have complied with the Ten Day Rule in filing their first motion to compel, but the motion was denied for their failure to comply with Rule III(B) of Magistrate Judge Brown's individual rules requiring the parties to "make a good faith effort, pursuant to Local Civil Rule 26.4 and FRCP 37(a)(1), to resolve disputes, including discussion either by telephone or in person before making a motion." (emphasis omitted). That holding was neither clearly erroneous or contrary to law since, as set forth above, defendants' motion only referred to one telephonic conversation between the parties which hardly qualified as a good faith effort to resolve the discovery dispute at issue.

In addition, defendants did not renew their motion to compel, or otherwise bring any discovery dispute or issue to the Court's attention, for approximately nine (9) months after Magistrate Judge Brown issued the November 27, 2018 order, without any adequate explanation for the substantial delay. Defendants even successfully moved to vacate a status conference before Magistrate Judge Brown at which they could have addressed any outstanding discovery disputes, including the scheduling of depositions, more than one (1) month before the original discovery deadline. Furthermore, although defendants contend that they "sought deposition dates" from plaintiffs beginning on or about October 24, 2018, they do not contend that they ever served a notice of deposition in accordance with Rule 30(b) of the Federal Rules of Civil Procedure, which would have provided a date certain for plaintiff's compliance upon which they could have based a motion to compel. Thus, contrary to defendants' contention they did not do "all they could do" to depose plaintiff's witnesses, (Def. Obj. at 3); they did not even do the one

13

thing they are required to do under the Federal Rules of Civil Procedure to depose a person by oral questions.

The parties were afforded more than sixteen (16) months to complete discovery in this breach of contract action and were clearly notified by this Court's April 11, 2019 order that no further extensions of the November 15, 2019 final discovery deadline would be granted. There was no docket activity in this case for almost five (5) full months after entry of that order and no discovery disputes were brought to the attention of the Court during that period. Both sides clearly have been dilatory in litigating their respective claims and defenses in this action, and neither has established any extraordinary circumstances or good cause for extending, or reopening, discovery at this juncture. *See, e.g. Zelaya v. Tutor Perini Corp.*, No. 16-cv-272, 2017 WL 4712421, at * 2-3 (S.D.N.Y. Sept. 28, 2017); *Schwartz v. Metro. Prop. & Cas. Ins. Co.*, 393 F. Supp. 2d 179, 181 (E.D.N.Y. 2005). Accordingly, plaintiffs' application and defendants' requests for discovery are denied in their entirety. Discovery is now closed and this case is ready for trial, which will be scheduled during the pretrial conference scheduled to be held before the undersigned on January 15, 2020 at 11:15 a.m.

III. CONCLUSION

For the reasons set forth herein, defendants' objections to Magistrate Judge Brown's November 15, 2019 order are overruled, and defendants' requests for discovery and plaintiffs' application are denied in their entirety.

SO ORDERED.

                                                ___/s/ *Sandra J. Feuerstein*___
                                                SANDRA J. FEUERSTEIN
                                                United States District Judge

Dated: December 10, 2019
       Central Islip, New York